1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10   HARLEY S. BRIDGEMAN JR.,

11              Plaintiff,                    No. 2:10-cv-01457 JAM KJN PS

12        v.

13   UNITED STATES OF AMERICA, et al.,

14              Defendants.
     _____/
15   FEDERAL NATIONAL MORTGAGE
     ASSOCIATION,
16
                Plaintiff,                    No. 2:10-cv-02619 JAM KJN PS
17        v.

18   HARLEY S. BRIDGEMAN, JR.;
     CHANDA J. BRIDGEMAN,
19
                Defendants.
20   _____
     HARLEY S. BRIDGEMAN, JR.,
21
                Counterclaimant,
22
          v.
23
     FEDERAL NATIONAL MORTGAGE
24   ASSOCIATION, et al.,

25              Counterdefendants.
     _____
26

                                1

HARLEY S. BRIDGEMAN, JR.,

   Third-Party Plaintiff,

  v.

UNITED STATES OF AMERICA, et al.,

   Third-Party Defendants.     ORDER
_____/

   Presently before the court are two motions for recusal filed by defendant Harley S. Bridgeman, Jr., who is the plaintiff in the matter of Bridgeman v. United States et al., No. 2:10-cv-1457 JAM KJN PS ("Bridgeman I"), and is the defendant, counterclaimant, and third-party claimant in the related, but not consolidated, matter of Fed. Nat'l Mortgage Ass'n v. Bridgeman, No. 2:10-cv-2619 JAM KJN PS ("Bridgeman II").[1]  Mr. Bridgeman filed a Motion for Recusal in both above-captioned actions on December 8, 2010, and noticed his motion for a hearing to take place before the undersigned on January 6, 2011.  (Bridgeman I, Dkt. No. 42; Bridgeman II, Dkt. No. 79.)  Because oral argument would not be of material aid to the resolution of the pending motions, the undersigned submits this matter on the briefs and record and vacates the January 6, 2011 hearing date.[2]  Having reviewed Mr. Bridgeman's moving papers and the record in this case, the undersigned denies the motions for recusal in Bridgeman I and Bridgeman II.

I.  FACTUAL BACKGROUND

   As indicated above, Mr. Bridgeman has filed two actions in this court that are pending before the undersigned.  In Bridgeman I, Mr. Bridgeman alleges a number of claims arising from the termination of his employment and the subsequent foreclosure and sale of his home.  All of the defendants in Bridgeman I filed motions to dismiss plaintiff's complaint.

---

[1]  The above-captioned cases are related, but not consolidated.  (Related Case Order at 2, Bridgeman I, Dkt. No. 52; see also Related Case Order at 2, Bridgeman II, Dkt. No. 6.)

[2]  Additionally, the undersigned does not require any response to the motions for recusal from the other parties in these two cases.

1  Relevant here and as discussed below, the undersigned held a hearing on the motions to dismiss

2  filed by defendants T.D. Service Company, Fremont Bank, and Federal National Mortgage

3  Association on November 18, 2010.  (Bridgeman I, Dkt. No. 66.)  The undersigned submitted the

4  motion to dismiss filed by defendant United States of America without a hearing.  The

5  undersigned has not yet entered any orders or findings and recommendations resolving the

6  pending motions to dismiss.

7  In Bridgeman II, plaintiff Federal National Mortgage Association filed a single

8  claim for unlawful detainer against Mr. Bridgeman and his estranged wife in California state

9  court, and Mr. Bridgeman removed that matter to this court.  Federal National Mortgage

10  Association moved to remand Bridgeman II to state court, and the undersigned submitted the

11  motion to remand without a hearing.  The undersigned has not yet entered an order or findings

12  and recommendations resolving that motion to remand.

13  On December 8, 2010, Mr. Bridgeman filed the instant motions for recusal of the

14  undersigned.  Briefly stated, Mr. Bridgeman moves the undersigned to recuse or disqualify

15  himself from Bridgeman I and Bridgeman II pursuant to 28 U.S.C. § 144, on the grounds that the

16  undersigned has "demonstrated a predisposition that is wrongful according to the Code of

17  Judicial Conduct for United States Judges."  (Motion for Recusal at 2.)  As discussed below, Mr.

18  Bridgeman's motions arise from an exchange between the undersigned and Mr. Bridgeman at the

19  November 18, 2010 hearing in Bridgeman I, during which Mr. Bridgeman demanded in an

20  elevated tone that the undersigned answer questions posed by Mr. Bridgeman regarding, among

21  other things, the undesigned's knowledge about the Federal Rules of Civil Procedure and the

22  court's Local Rules.   The undersigned declined to answer the questions posed by Mr.

23  Bridgeman.  As communicated to Mr. Bridgeman on the record at the November 18, 2010

24  hearing, the undersigned held that hearing only in order to determine whether Mr. Bridgeman

25  should be permitted leave to amend his operative complaint in Bridgeman I insofar as certain of

26  the defendants were concerned.  Mr. Bridgeman chose not to answer any of the questions posed

3

by the undersigned and, in turn, Mr. Bridgeman hostilely demanded that the undersigned answer

questions posed by Mr. Bridgeman.

II.    LEGAL STANDARDS

Pursuant to 28 U.S.C. § 144, a party may file a "timely and sufficient affidavit"

seeking to preclude the assigned judge from presiding over the matter any further as a result of "a

personal bias or prejudice" as to a party in the action.  Section 144 provides, in its entirety:

> Whenever a party to any proceeding in a district court makes and files a
> timely and sufficient affidavit that the judge before whom the matter is
> pending has a personal bias or prejudice either against him or in favor of
> any adverse party, such judge shall proceed no further therein, but another
> judge shall be assigned to hear such proceeding.

> The affidavit shall state the facts and the reasons for the belief that bias or
> prejudice exists, and shall be filed not less than ten days before the
> beginning of the term at which the proceeding is to be heard, or good
> cause shall be shown for failure to file it within such time.  A party may
> file only one such affidavit in any case.  It shall be accompanied by a
> certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144.

Although not asserted as a basis for disqualification in Mr. Bridgeman's motions,

a United States magistrate judge may disqualify himself or herself for several reasons presented

in 28 U.S.C. § 455.  Of note here, "[a]ny . . . magistrate judge of the United States shall

disqualify himself in any proceeding in which his impartiality might reasonably be questioned."

28 U.S.C. § 455(a).  Moreover, a magistrate judge "shall also disqualify himself [or herself] . . .

[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of

disputed evidentiary facts concerning the proceeding."  Id. § 455(b)(1).

The standard used to review motions for recusal or disqualification under

28 U.S.C. § 144 and 28 U.S.C. § 455 is the same.  The Ninth Circuit Court of Appeals has held

that "[t]he substantive standard for recusal under 28 U.S.C. § 144 and 28 U.S.C. § 455 is the

same: '[W]hether a reasonable person with knowledge of all the facts would conclude that the

judge's impartiality might reasonably be questioned.'"  United States v. Hernandez, 109 F.3d

4

1450, 1453-54 (9th Cir. 1997) (per curiam) (quoting <u>United States v. Studley</u>, 783 F.2d 934, 939

(9th Cir. 1986)); <u>accord</u> <u>Pesnell v. Arsenault</u>, 543 F.3d 1038, 1043 (9th Cir. 2008).

In <u>United States v. Grinnell Corp.</u>, 384 U.S. 563 (1966), the United States

Supreme Court stated that in order for the "alleged bias and prejudice to be disqualifying" in the

context of a Section 144 affidavit, it must stem from an "extrajudicial source." <u>Id.</u> at 583.  In

<u>Liteky v. United States</u>, 510 U.S. 540 (1994), the Supreme Court extended the so-called

"extrajudicial source doctrine" to disqualifications pursuant to 28 U.S.C. § 455, but clarified that

the alleged bias must *usually* arise from an extrajudicial source.  <u>See id.</u> at 554-55 (stating that "it

would be better to speak of the existence of a significant (and often determinative) 'extrajudicial

source' factor, than of an 'extrajudicial source' doctrine, in recusal jurisprudence).  In so holding,

the Court explained:

> First, judicial rulings alone almost never constitute a valid basis for a bias
> or partiality motion.  In and of themselves (*i.e.*, apart from surrounding
> comments or accompanying opinion), they cannot possibly show reliance
> upon an extrajudicial source; and can only in the rarest circumstances
> evidence the degree of favoritism or antagonism required (as discussed
> below) when no extrajudicial source is involved.  Almost invariably, they
> are proper grounds for appeal, not for recusal.  Second, opinions formed
> by the judge on the basis of facts introduced or events occurring in the
> course of the current proceedings, or of prior proceedings, do not
> constitute a basis for a bias or partiality motion unless they display a
> deep-seated favoritism or antagonism that would make fair judgment
> impossible.  Thus, judicial remarks during the course of a trial that are
> critical or disapproving of, or even hostile to, counsel, the parties, or their
> cases, ordinarily do not support a bias or partiality challenge.  They *may* do
> so if they reveal an opinion that derives from an extrajudicial source; and
> they *will* do so if they reveal such a high degree of favoritism or
> antagonism as to make fair judgment impossible.

<u>Id.</u> at 555 (citation omitted); <u>see also</u> <u>United States v. Johnson</u>, 610 F.3d 1138, 1147 (9th Cir.

2010) ("We have described the extrajudicial source factor as involving 'something other than

rulings, opinions formed or statements made by the judge during the course of trial.'") (quoting

<u>United States v. Holland</u>, 519 F.3d 909, 914 (9th Cir. 2008)).  "'[E]xpressions of impatience,

dissatisfaction, annoyance, and even anger' are not grounds for establishing bias or impartiality,

nor are a judge's efforts at courtroom administration."  <u>Pesnell</u>, 543 F.3d at 1044 (citing <u>Liteky</u>,

1   510 U.S. at 555-56).

2   III.   DISCUSSION

3               Mr. Bridgeman contends that the undersigned "demonstrated a predisposition that

4   is wrongful according to the Code of Judicial Conduct for United States Judges."  (Motion for

5   Recusal at 2.)  Specifically, he asserts that during the November 18, 2010 hearing, "the

6   magistrate judge was asked questions by [Mr.] Bridgeman and indicated that he never had to

7   answer questions."  (Id. at 3.)  Mr. Bridgeman argues that the undersigned's purported indication

8   "that he never had to answer questions . . . creates a question of whether or not the judge is being

9   prejudice and biased in his decision making and casts doubt as to whether he is able to be

10  impartial when following the rules."  (Id.)  He seeks disqualification on the basis of this

11  "uncertainty" and relies on the following portion of the Commentary to Cannon 2B of the Code

12  of Conduct for United States Judges:

13               Testimony as a character witness injects the prestige of the judicial office
             into the proceeding in which the judge testifies and may be perceived as an
14           official testimonial.  A judge should discourage a party from requiring the
             judge to testify as a character witness except in unusual circumstances
15           when the demands of justice require. This Canon does not create a
             privilege against testifying in response to an official summons.
16

17  Code of Conduct for United States Judges, Cannon 2B, Commentary (Rev. ed. July 1, 2009).[3]

18       A.   Whether Section 144 applies to United States Magistrate Judges

19               At the outset, the undersigned notes that one magistrate judge of this court has

20  raised the question of whether 28 U.S.C. § 144 applies to judicial officers other than district

21

22         [3] Although not expressly relied on by Mr. Bridgeman, Cannon 2B of the Code of Conduct
    for United States Judges provides:
23
24           Outside Influence. A judge should not allow family, social, political,
             financial, or other relationships to influence judicial conduct or judgment.  A
             judge should neither lend the prestige of the judicial office to advance the
25           private interests of the judge or others nor convey or permit others to convey
             the impression that they are in a special position to influence the judge.  A
26           judge should not testify voluntarily as a character witness.

6

1    judges, such as magistrate judges.  See Cohea v. Pliler, No. CIV S-00-2799 FCD EFB P, 2007

2    WL 2028578, at *1 (E.D. Cal. July 10, 2007) (unpublished) ("The application of section 144 to

3    judicial officers other than district court judges is not a settled question.").  In Cohea, the court

4    noted decisions of the Ninth Circuit Court of Appeals that have suggested that Section 144 only

5    applies to "district judges."  See Smith v. Edwards & Hale, Ltd. (In re Smith), 317 F.3d 918, 932

6    (9th Cir. 2002) (stating that "section 144 applies only to district court judges and not to

7    bankruptcy court judges"), abrogated on other grounds in Lamie v. United States, 540 U.S. 536

8    (2004); Bernard v. Coyne (In re Bernard), 31 F.3d 842, 843 n.3 (9th Cir. 1994) (stating that

9    "section 144 applies only to district judges, not appellate judges").  Rather than attempt to

10   resolve whether Section 144 applies to United States magistrate judges, who are judges that hear

11   cases in the district court, the undersigned follows the course adopted in Cohea and assumes that

12   Section 144 applies to United States magistrate judges for the purposes of this order.

13         B.     Whether the Undersigned May Consider the Motions for Recusal

14         Mr. Bridgeman noticed his motions for recusal for a hearing before the

15   undersigned.  However, so that there may be no doubt regarding who may initially pass on these

16   motions for recusal under Section 144, the undersigned clarifies that the undersigned may

17   consider the timeliness and legal sufficiency of the motions for recusal.

18         In part, 28 U.S.C. § 144 provides: "*Whenever a party to any proceeding in a*

19   *district court makes and files a timely and sufficient affidavit* that the judge before whom the

20   matter is pending has a personal bias or prejudice either against him or in favor of any adverse

21   party, *such judge shall proceed no further therein, but another judge shall be assigned to hear*

22   *such proceeding*" (emphasis added).  The Ninth Circuit Court of Appeals has held that

23   "Section 144 expressly conditions relief upon the filing of a timely and legally sufficient

24   affidavit."  United States v. Sibla, 624 F.2d 864, 867 (9th Cir. 1980); see also In re Bernard, 31

25   F.3d at 843 n.3 ("[I]f a party files an affidavit properly alleging prejudice on the part of a district

26   judge under 28 U.S.C. § 144, the judge must turn the matter over to a colleague.").  The Court of

7

1   Appeals has further held that, as a result of this conditional phrasing, "the judge against whom an

2   affidavit of bias is filed may pass on its legal sufficiency." United States v. Azhocar, 581 F.2d

3   735, 738 (9th Cir. 1978), cert. denied, 440 U.S. 907 (1979); see also United States v. Studley,

4   783 F.2d 934, 940 (9th Cir. 1986) ("We have held repeatedly that the challenged judge himself

5   should rule on the legal sufficiency of a recusal motion in the first instance."). "Only after the

6   legal sufficiency of the affidavit is determined does it become the duty of the judge to 'proceed

7   no further' in the case." Azhocar, 581 F.2d at 738; accord Toth v. Trans World Airlines, Inc.,

8   862 F.2d 1381, 1388 (9th Cir. 1988).

9           Accordingly, the undersigned will review the timeliness and legal sufficiency of

10   the affidavits[4] filed by Mr. Bridgeman.  The undersigned will address the timeliness and legal

11   sufficiency of these essentially identical affidavits in turn.

12          C.     Whether Mr. Bridgeman's Motions Are Timely

13          In regards to the timeliness of an affidavit of bias or prejudice, 28 U.S.C. § 144

14   provides that such an affidavit "shall be filed not less than ten days before the beginning of the

15   term at which the proceeding is to be heard, or good cause shall be shown for failure to file it

16   within such time."  Mr. Bridgeman all but concedes that he did not file his motions in a timely

17   fashion.  This is plainly true because Mr. Bridgeman filed his motions approximately 20 days

18   after the November 18, 2010 hearing.

19          Instead of arguing that his motions are timely, Mr. Bridgeman asserts in both

20   motions that he "has not made an earlier filing in this matter . . . because he has had to take some

21   time in attempting to ascertain which rules the judge(s) and the court are following and there has

22   been no self-disqualification under 28 U.S.C. 455(a)."  (Mot. for Recusal at 3.)  The undersigned

23   finds that this statement of good cause is not sufficient to cure the lateness of Mr. Bridgeman's

24

25          [4]  Each of Mr. Bridgeman's motions for recusal combines the motion and the required
      affidavit.  As required by 28 U.S.C. § 144, Mr. Bridgeman signed each motion under penalty of
      perjury, attesting his motions are "made in good faith."  (Mot. for Recusal at 3, Bridgeman I; Mot.

26   for Recusal at 4, Bridgeman II.)

8

affidavits.  Initially, whether a judge disqualifies himself or herself pursuant to 28 U.S.C.
§ 455(a) is simply not determinative of good cause to excuse of late-filed affidavits under 28
U.S.C. § 144.  If anything, Mr. Bridgeman's pro se status and relative unfamiliarity with the law
serves as a more colorable basis for a finding of good cause.  That said, Mr. Bridgeman has
demonstrated an ongoing ability in his cases to locate and cite relevant statutes and case law.
The undersigned remains unconvinced that Mr. Bridgeman has shown good cause excusing his
tardiness.  Although Mr. Bridgeman's affidavits do not meet the timing or good cause
requirements of Section 144, the undersigned will address the sufficiency of Mr. Bridgeman's
affidavits as alternative grounds for denying the motions for recusal.

    D.    Whether Mr. Bridgeman's Affidavits Are Legally Sufficient

        Even assuming that Mr. Bridgeman's motions are timely, they are not legally
sufficient such that they warrant recusal or disqualification of the undersigned or referral of the
motions for recusal to another judge.  In short, the extrajudicial source factor explained in Liteky
and other cases is dispositive.

        Mr. Bridgeman's motions for recusal are plainly not based on any extrajudicial
source.  Mr. Bridgeman has premised his motions only on events that occurred during the
November 18, 2010 court hearing, and has identified no extrajudicial source that purportedly
gives rise to any prejudice or bias on the part of the undersigned.  In the absence of some
extrajudicial source, a motion for recusal or disqualification brought pursuant to Section 144 as a
result of comments made during a judicial proceeding almost invariably fails.  And Mr.
Bridgeman has not alleged "a high degree of favoritism or antagonism as to make fair judgment
impossible." Liteky, 510 U.S. at 555.  Mr. Bridgeman alleges that the undersigned's decision not
to answer hostilely-presented questions creates an "uncertainty" about the undersigned's
impartiality.  (Mot. for Recusal at 3.)  At most, the undersigned's decision not to answer Mr.
Bridgeman's questions constitutes ordinary efforts at courtroom administration, which do not
support recusal.  Liteky, 510 U.S. at 556 ("A judge's ordinary efforts at courtroom

1  administration—even a stern and short-tempered judge's ordinary efforts at courtroom

2  administration—remain immune.")

3          Even setting aside whether an extrajudicial source is implicated by the motions for

4  recusal, Mr. Bridgeman reliance on the Commentary to Cannon 2B of the Code of Conduct for

5  Judges is plainly misplaced.  As noted above, he relies on the Commentary to Cannon 2B, which

6  provides in relevant part:

7          Testimony as a character witness injects the prestige of the judicial office
           into the proceeding in which the judge testifies and may be perceived as an
8          official testimonial.  A judge should discourage a party from requiring the
           judge to testify as a character witness except in unusual circumstances
9          when the demands of justice require. This Canon does not create a
           privilege against testifying in response to an official summons.

10

11  First, Mr. Bridgeman has not asserted that the undersigned acted as a character witness in this

12  proceeding or any other proceeding.  Second, Mr. Bridgeman has not claimed that any party

13  attempted to require the undersigned to testify as a character witness in this proceeding or any

14  other proceeding.  Third, the undersigned has never asserted a "privilege against testifying *in*

15  *response to an official summons*," and Mr. Bridgeman has not argued to the contrary.  Mr.

16  Bridgeman appears to be asserting that the undersigned generally asserted a "privilege" not to

17  testify.  However, a judge is not testifying when conducting a hearing on a law and motion

18  calendar.  Moreover, the undersigned never asserted a privilege.  The undesigned simply declined

19  to answer Mr. Bridgeman's questions, which were presented in an objectively hostile tone at the

20  November 18, 2010 hearing, or engage in a debate with Mr. Bridgeman.  Notably, the

21  undersigned was not required to even conduct a hearing and could have submitted the matters

22  heard on November 18, 2010, without a hearing.  See Fed. R. Civ. P. 28; E. Dist. Local

23  Rule 230(g).  Accordingly, Mr. Bridgeman's reliance on the above-quoted Commentary to

24  Cannon 2B is inapposite and does not render Mr. Bridgeman's affidavits legally sufficient.

25          Mr. Bridgeman's affidavits filed pursuant to 28 U.S.C. § 144 are neither timely

26  nor legally sufficient.  Accordingly, the undersigned is not required to refer the motions for

10

1   recusal to another judge, and Mr. Bridgeman's motions for recusal are denied.

2         E.     <u>Recusal Under 28 U.S.C. § 455</u>

3         Finally, although Mr. Bridgeman has not moved to disqualify the undersigned

4   pursuant to 28 U.S.C. § 455, the undersigned addresses potential disqualification under that

5   statute.  Two subsections of Section 455 are potentially relevant here.  First, Section 455(a)

6   provides that "[a]ny . . . magistrate judge of the United States shall disqualify himself in any

7   proceeding in which his impartiality might reasonably be questioned."  28 U.S.C. § 455(a).

8   Second, a magistrate judge "shall also disqualify himself [or herself] . . . [w]here he has a

9   personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary

10   facts concerning the proceeding."  <u>Id</u>. § 455(b)(1).  The extrajudicial source factor applies to

11   disqualifications under Sections 455(a) and 455(b)(1), <u>see</u> <u>Liteky</u>, 510 U.S. at 551-54, and,

12   accordingly, the undersigned finds no reason to disqualify himself as a result of bias or prejudice

13   for the reasons stated above with respect to 28 U.S.C. § 144.  The reasons set forth above

14   addressing disqualification apart from the extrajudicial source factor further support that there is

15   no sufficient basis for disqualification under 28 U.S.C. § 455.

16   ////

17   ////

18   ////

19   ////

20   ////

21   ////

22   ////

23   ////

24   ////

25   ////

26   ////

IV.     <u>CONCLUSION</u>

        For the foregoing reasons, the court HEREBY ORDERS that:

        1.      Harley S. Bridgeman's Motion for Recusal filed in case number 2:10-cv-1457 JAM KJN PS (Dkt. No. 79) is denied.

        2.      Harley S. Bridgeman's Motion for Recusal filed in case number 2:10-cv-2619 JAM KJN PS (Dkt. No. 42) is denied.

        3.      The Clerk of Court is directed to file this order in both above-captioned cases.

        IT IS SO ORDERED.

DATED:  December 15, 2010




                                    KENDALL J. NEWMAN
                                    UNITED STATES MAGISTRATE JUDGE