IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FEDERAL NATIONAL MORTGAGE
ASSOCIATION,

        Plaintiff,                No. 2:10-cv-02619 JAM KJN PS

    v.

HARLEY S. BRIDGEMAN, JR.;
CHANDA J. BRIDGEMAN,

        Defendants.
_____/

HARLEY S. BRIDGEMAN, JR.,

        Counterclaimant,

    v.

FEDERAL NATIONAL MORTGAGE
ASSOCIATION, et al.,

        Counterdefendants.
_____/

HARLEY S. BRIDGEMAN, JR.,

        Third-Party Plaintiff,

    v.

UNITED STATES OF AMERICA, et al.,

Third-Party Defendants.
_____/[1]   FINDINGS AND RECOMMENDATIONS

Presently before the court is plaintiff's motion for an order remanding this unlawful detainer action to the Superior Court of the State of California, County of El Dorado ("Superior Court").[2] (Dkt. No. 17.) For the reasons that follow, the undersigned recommends that plaintiff's motion be granted and that this entire case be remanded to the Superior Court for further proceedings.

I.   BACKGROUND

Plaintiff, Federal National Mortgage Association (or "Fannie Mae"), is alleged to be the purchaser of real property at a trustee's sale effectuated under California state law. (Compl. for Unlawful Detainer Following Foreclosure Sale ("Complaint") ¶¶ 8-11.) Defendants are individuals who are alleged to be holdover occupants and previous owners of the subject property. (Compl. ¶¶ 4-5.) Defendants appear to be residents of the State of California.

Plaintiff alleges that following the trustee's sale and perfection of plaintiff's title to the subject property, it served defendants with a "Three Day Notice for Possession," which required defendants to, among other things, quit and deliver up possession of the premises to plaintiff. (Compl. ¶ 12 & Ex. B.) Plaintiff alleges that one defendant or both defendants remain in possession of the property.[3] (Id. ¶¶ 13-14.)

On August 27, 2010, plaintiff filed its verified Complaint for Unlawful Detainer

---

[1] This caption reflects the counterclaims and third-party claims filed by Harley S. Bridgeman, Jr. for informational purposes. The inclusion of parties in this caption does not reflect that these counterclaims and purported third-party claims have been properly titled, filed, or served on the parties against which they are alleged.

[2] This action proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

[3] On November 23, 2010, defendant Chanda J. Bridgeman filed a letter with the court that indicates she has not had contact with defendant Harley S. Bridgeman, Jr. for several years and that she does not join in, and has not consented to the making of, any representations made by Mr. Bridgeman in this litigation. (Dkt. No. 32.) Thus, it would appear that Chanda Bridgeman is not a current occupant of the subject property.

Following Foreclosure Sale in the Superior Court, seeking: (1) restitution of the property in question; (2) damages at a rate of $30.00 per day from August 23, 2010, until the date of entry of judgment for plaintiff; and (3) costs "and further relief as is proper." (Compl. at 4.) The caption of the Complaint states the following: "Amount demanded does not exceed $10,000." (Id. at 1.)

It is not clear from the papers before the court whether defendant Chanda J. Bridgeman was ever served with the Complaint. A letter that she filed with the court on November 23, 2010, asserts that she was not aware of the contents of this lawsuit until October 23, 2010. (Dkt. No. 32.) Defendant Harley S. Bridgeman, Jr. represents in his Notice of Removal that he was served with "notice of suit" on September 22, 2010. (Notice of Removal ¶ 2, Dkt. No. 1.)

On September 27, 2010, Mr. Bridgeman removed the unlawful detainer action to this court on the grounds that: (1) this action is related to a separate lawsuit filed by Mr. Bridgeman in this court, Bridgeman v. United States of America et al., 2:10-cv-1457 JAM KJN PS ("Bridgeman I")[4]; (2) this court "has jurisdiction based upon 28 U.S.C. §§ 1331 and 1367(a)." (Notice of Removal ¶¶ 3-4.) Defendant Chanda Bridgeman did not join in the removal of this action to federal court, and nothing in the record indicates that she consented to the removal; indeed, the record reflects that Mrs. Bridgeman has not consented to any action of Mr. Bridgeman related to any litigation pending in this court. (See Letter, Nov. 23, 2010, Dkt. No. 32.) Mr. Bridgeman's Notice of Removal reflects that he did not obtain consent for removal from any other defendants, i.e., Chanda Bridgeman, because "it was unknown whether or not other defendants have been properly served, and defendant, Harley S. Bridgeman Jr., is the only named plaintiff in related case No. 2:10-cv-01457-JAM-KJN." (Notice of Removal ¶ 5.)

---

[4] On September 29, 2010, Mr. Bridgeman filed a Notice of Related Case, which references a separate action that is proceeding in this court and names Federal National Mortgage Association, among others, as a defendant. (Dkt. No. 3 (referring to Bridgeman I.) On October 4, 2010, the court entered a Related Case Order, which reflects that the present case and Bridgeman I are related, but not consolidated. (Dkt. No. 6.)

3

1  After removing this action to federal court, Mr. Bridgeman ultimately filed an amended answer to the Complaint, which includes counterclaims against plaintiff and several parties who are not plaintiffs in this action, but are named defendants in the related <u>Bridgeman I</u> case: T.D. Service Company; Fremont Bank; and the United States of America. (Dkt. No. 15.) Mr. Bridgeman subsequently filed a First Amended Third-Party Complaint, which asserts third-party claims against the United States of America. (Dkt. No. 16.) The United States of America filed a motion to dismiss the claims asserted against it in this case, which is set to be heard on January 27, 2011. (Dkt. No. 35.) On December 14, 2010, Mr. Bridgeman filed a "Second Amended Third-Party Complaint" against the United States of America without seeking leave to amend.[5] (Dkt. No. 47.)

On November 3, 2010, plaintiff filed the pending motion for an order remanding this action to the Superior Court. (Dkt. No. 17.) Mr. Bridgeman filed a timely opposition. (Dkt. No. 31.) Plaintiff did not file a reply brief.

II.  **LEGAL STANDARDS**

In relevant part, the federal removal statute provides:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. . . .
>
> (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(a), (b). "The defendant bears the burden of establishing that removal is

---

[5] The undersigned need not resolve whether Mr. Bridgeman was permitted to file his Second Amended Third-Party Complaint without first seeking leave to amend because the undersigned recommends that this entire action be remanded to the Superior Court.

4

proper." Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009), cert. denied, 131 S. Ct. 65 (2010). "The removal statute is strictly construed against removal jurisdiction," id., and removal jurisdiction "'must be rejected if there is any doubt as to the right of removal in the first instance.'" Geographic Expeditions, Inc. v. Estate of Lhotka, 599 F.3d 1102, 1106 (9th Cir. 2010) (quoting Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (per curiam)). "In determining the existence of removal jurisdiction, based upon a federal question, the court must look to the complaint *as of the time the removal petition was filed*. Jurisdiction is based on the complaint as originally filed . . . ." Abada v. Charles Schwab & Co., 300 F.3d 1112, 1117 (9th Cir. 2002) (citation and quotation marks omitted).

III. DISCUSSION

Mr. Bridgeman has asserted several grounds regarding the propriety of the removal of this case to federal court, each of which is addressed below. However, before addressing the specific bases for jurisdiction proffered by Mr. Bridgeman, the undersigned briefly addresses the fact that plaintiff's motion to remand was untimely filed under 28 U.S.C. § 1447(c). Section 1447(c) provides, in relevant part: "A motion to remand the case on the basis of any defect *other than lack of subject matter jurisdiction* must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c) (emphasis added). Here, plaintiff filed its motion for remand outside of the 30-day window and has not argued that its motion was timely. As a result, and as discussed below, it has waived any procedural objections. However, as Mr. Bridgeman acknowledges in his written opposition, by its terms Section 1447(c) excludes from this 30-day window motions for remand on the grounds that the court lacks subject matter jurisdiction. (Opp'n to Mot. for Remand at 5 ("An untimely remand waives all defects except subject-matter jurisdiction.").) It is this ground, the lack of subject matter jurisdiction, that serves as the basis for the undersigned's

////

5

recommendation that this action be remanded to the Superior Court.[6]

    1.  <u>Grounds for Remand Premised on a Lack of Diversity Jurisdiction</u>

Curiously, plaintiff spends several pages in its memorandum of points and authorities arguing in favor of remand on the grounds that Mr. Bridgeman cannot demonstrate the existence of diversity jurisdiction. Specifically, it argues that: (1) Mr. Bridgeman's Notice of Removal does not allege that the amount in controversy exceeds $75,000, and (2) the removal violates the "forum defendant rule" because defendants are residents of California. As Mr. Bridgeman correctly argues in his written opposition, both of these arguments are misplaced.

First, in removing this case, Mr. Bridgeman has not relied on diversity of citizenship as a basis for this court's subject matter jurisdiction or removal jurisdiction.[7] (See Notice of Removal ¶¶ 3-4; Opp'n to Mot. for Remand at 5.) Therefore, plaintiff's entire argument premised on Mr. Bridgeman's alleged inability to plead that the amount in controversy exceeds $75,000 is inapplicable here.

Second, plaintiff's argument premised on the "forum defendant rule" contained in 28 U.S.C. § 1441(b) is similarly misplaced. As noted above, Section 1441(b) provides:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if

---

[6] Even setting aside plaintiff's arguments in favor of remand, the court has an independent duty to ascertain whether it has subject matter jurisdiction over an action. <u>See</u>, <u>e.g.</u>, <u>United Investors Life Ins. Co. v. Waddell & Reed Inc.</u>, 360 F.3d 960, 966-67 (9th Cir. 2004); Because subject matter jurisdiction may not be waived by the parties, a "district court must remand if it lacks jurisdiction." <u>Kelton Arms Condominium Owners Ass'n, Inc. v. Homestead Ins. Co.</u>, 346 F.3d 1190, 1192 (9th Cir. 2003); accord <u>Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.</u>, 159 F.3d 1209, 1211 (9th Cir. 1998); <u>Bank Julius Baer & Co. v. Wikileaks</u>, 535 F. Supp. 2d 980, 984 (N.D. Cal. 2008).

[7] District courts have diversity jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the action is between: "(1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state . . . as plaintiff and citizens of a State or of different States." 28 U.S.C. § 1332; <u>see</u> also <u>Geographic Expeditions, Inc.</u>, 599 F.3d at 1106.

> none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b). As is apparent from the plain language of the statute, the forum defendant rule contained in the second sentence of Section 1441(b) is a limitation on removal based on diversity jurisdiction. See also Spencer v. U.S. Dist. Court for N. Dist. of Cal., 393 F.3d 867, 870 (9th Cir. 2004). The forum defendant rule simply does not apply here because Mr. Bridgeman has not asserted diversity jurisdiction as a basis for this court's removal jurisdiction.

Additionally, even if the forum defendant rule were somehow applicable here, plaintiff waived any argument premised on the forum defendant rule by filing an untimely motion to remand. Although the Ninth Circuit Court of Appeals has held that removal premised on diversity jurisdiction is improper where one of the defendants named in the action is a resident of the forum state, Spencer, 393 F.3d at 870, it has also held that a violation of the forum defendant rule is "a waivable non-jurisdictional defect subject to the 30-day time limit imposed by [28 U.S.C.] § 1447(c)." Lively v. Wild Oats Market, Inc., 456 F.3d 933, 942 (9th Cir. 2006), cert. denied, 549 U.S. 1207 (2007); see also Coto Settlement v. Eisenberg, 593 F.3d 1031, 1034 (9th Cir. 2010) (retaining jurisdiction for want of a timely motion to remand that was premised on the forum defendant rule); Powell v. DEF Express, Inc., 265 Fed. Appx. 672, 674 (9th Cir. 2008) (holding that plaintiff waived procedural objections, including one based on the forum defendant rule, where the motion for remand was not filed within 30-days of removal). Here, plaintiff filed its motion for remand outside of the 30-day period provided for in 28 U.S.C. § 1447(c) and, therefore, waived its procedural objections. For this additional reason, the forum defendant rule is inapplicable here.[8]

---

[8] The undersigned does not address whether the removal of this case by Mr. Bridgeman was improper on the grounds that defendant Chanda Bridgeman did not join in or consent to the removal. As a general rule referred to as the "rule of unanimity," "all defendants must consent to or join in a removal" of a case to federal court. Atl. Nat'l Trust LLC v. Mt. Hawley Ins. Co., 621 F.3d 931, 933 (9th Cir. 2010) (citing Chicago Rock Island & Pac. Ry. Co. v. Martin, 178 U.S.

2.      Removal Premised on Federal Question Jurisdiction

Mr. Bridgeman's Notice of Removal asserts in conclusory fashion that removal is proper on the basis of the court's federal question jurisdiction.  (Notice of Removal ¶ 4.)  District courts have federal question jurisdiction over "all civil actions that arise under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'"  Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (modification in original) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 8-9 (1983)).  "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  Placer Dome, Inc., 582 F.3d at 1091.

Here, plaintiff filed an unlawful detainer action in the Superior Court premised solely on California state law.  Because a claim for unlawful detainer does not by itself present a federal question or necessarily turn on the construction of federal law, no basis for federal question jurisdiction appears on the face of the Complaint.  See, e.g., U.S. Bank Nat'l Ass'n v. Tyler, No. C 10-4033 PJH, 2010 WL 4918790, at *2 (N.D. Cal. Nov. 12, 2010) (unpublished) (concluding that a single claim for unlawful detainer under state law does not provide a basis for federal question jurisdiction); OneWest Bank FSB v. Ignacio, No. CIV S-10-1683 JAM DAD

---

245, 248 (1900)); accord Proctor v. Vishay Intertechnology Inc., 584 F.3d 1208, 1225 (9th Cir. 2009).  One exception to the rule of unanimity, upon which Mr. Bridgeman appears to rely, is that the removing defendant need not obtain the consent of the remaining defendants who have not been served with process in the case.  Salveson v. W. States Bankcard Ass'n, 731 F.2d 1423, 1429 (9th Cir. 1984) ("Our circuit rule is that a party not served need not be joined; the defendants summonsed can remove by themselves."), superceded by statute on unrelated grounds, as noted in Ethridge v. Harbor House Rest., 861 F.2d 1389, 1392 n.3 (9th Cir. 1988); accord Emrich v. Touche Ross & Co., 846 F.2d 1190, 1193 n.1 (9th Cir. 1988).  Although a question remains as to whether Chanda Bridgeman was served with process in this case prior to the removal, the undersigned does not address issues presented by the rule of unanimity because plaintiff has not asserted an objection to the removal based on the non-unanimous removal.

PS, 2010 WL 2696702, at *2 (E.D. Cal. July 6, 2010) (unpublished) (same); IndyMac Federal Bank, F.S.B. v. Ocampo, No. EDCV 09-2337 PA (DTBx), 2010 WL 234828, *2 (C.D. Cal. Jan. 13, 2010) (unpublished) (same); HSBC Bank, N.A. v. Bryant, No. 09-CV-1659-IEG (POR), 2009 WL 3787195, at *3 (S.D. Cal. Nov. 10, 2009) (unpublished) (same).  Moreover, Mr. Bridgeman cannot rely on his counterclaims and third-party claims to establish a federal question because those claims do not appear on the face of the Complaint.  See Vaden v. Discover Bank, 129 S. Ct. 1262, 1272 (2009) (stating that federal question jurisdiction cannot rest upon an actual or anticipated defense or counterclaim); accord Hunter v. Philip Morris USA, 582 F.3d 1039, 1042-43 (9th Cir. 2009); Takeda v. Nw. Nat'l Life Ins Co., 765 F.2d 815, 822 (9th Cir. 1985).  Accordingly, federal question jurisdiction does not provide a proper basis for removal.

        Furthermore, Mr. Bridgeman's reliance on supplemental jurisdiction, provided for in 28 U.S.C. § 1367(a), as a basis for removal and this court's subject matter jurisdiction is misplaced.  Mr. Bridgeman argues that he properly removed the present unlawful detainer action to federal court because this action is supplemental or ancillary to the previously-filed, related case of Bridgeman I.[9]  He contends that because subject matter jurisdiction purportedly exists in Bridgeman I, supplemental jurisdiction exists over the unlawful detainer action even though the cases are merely related, not consolidated.  Several courts have correctly rejected the premise that a state law claim may be removed to federal court on the basis of a related case in federal court.  See, e.g., Frabricus v. Freeman, 466 F.2d 689, 693 (7th Cir. 1972) ("That a related case was pending in federal court was not in itself sufficient grounds for removal under 28 U.S.C. § 1441."); In re Estate of Tabas, 879 F. Supp. 464, 467 (E.D. Pa. 1995) ("[T]he supplemental jurisdiction statute does not allow a party to remove an otherwise unremovable action to federal

---

[9] To the extent that Mr. Bridgeman argues that 28 U.S.C. § 1367(a) provides an independent basis for subject matter jurisdiction, even apart from any related case, such an argument fails.  Because of a lack of a federal question present on the face of the Complaint, there are no claims over which this court has subject matter jurisdiction that could be supplemented by a state law claim for unlawful detainer.  See Kelly v. Fleetwood Enters., Inc., 377 F.3d 1034, 1040 (9th Cir. 2004).

court for consolidation with a related federal action."); see also Residential Funding Real Estate Hldgs., LLC v. Chavez, No. CV 10-04488 MMM (JCGx), 2010 WL 3220065, at *2-3 (C.D. Cal. Aug. 12, 2010) (unpublished) (concluding that removal of unlawful detainer action to federal court was not proper simply because defendant was also a plaintiff in a related case involving the same property and parties that was already pending in federal court); U.S. Bank Nat'l Ass'n v. Lasoff, No. CV 10-00235 MMM (RCx), 2010 WL 669239, at *1 (C.D. Cal. Feb. 23, 2010) (unpublished) ("When none of the claims in the action provide an independent basis for federal jurisdiction, supplemental jurisdiction does not come into play.  A case cannot be removed on the basis that the claims it raises are related to claims asserted in a separate federal action."); Orcilla v. Bank of Am., No. C10-03931 HRL, 2010 WL 3834330, at *1 (N.D. Cal. Sept. 27, 2010) (unpublished) (same); Flower v. Wachovia Mortgage FSB, No. C 09-343 JF (HRL), 2009 WL 975811, at *9 (N.D. Cal. Apr. 10, 2009) (unpublished) (stating that "it is well-settled that '[t]he supplemental-jurisdiction statute is not a source of original subject-matter jurisdiction, and a removal petition therefore may not base subject-matter jurisdiction on the supplemental jurisdiction statute, even if the action which a defendant seeks to remove is related to another action over which the federal district court already has subject-matter jurisdiction'" (citation omitted)).

The undersigned agrees that the fact that a related case was pending in federal court at the time of removal is not a proper basis, by itself, for removal and does not establish subject matter jurisdiction.  The undersigned concludes that in light of the case law cited above and the applicable strict construction of the removal statute against removal jurisdiction, removal premised on a related case is improper and Bridgeman I does not create subject matter jurisdiction in this action.

3. Removal Premised on Fannie Mae's Charter

Finally, Mr. Bridgeman's written opposition suggests that this court has federal subject matter jurisdiction over the removed unlawful detainer action because plaintiff, Fannie

10

Mae, is a federally-charted corporation. He relies on Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Raines, 534 F.3d 779 (D.C. Cir. 2008), in which the majority held, over a strong and persuasive concurrence taking an opposite view, that the "sue and be sued" language in Fannie Mae's chartering statute, 12 U.S.C. § 1723a(a), automatically confers federal subject matter jurisdiction. The undersigned disagrees with the majority in Raines, and concludes that although Section 1723a(a) permits Fannie Mae to be sued in federal court, the plain language of that statute requires that an independent basis for subject matter jurisdiction exist to sue Fannie Mae in federal court.

Among other things, Fannie Mae's charting statute authorizes Fannie Mae "to sue and to be sued, and to complain and to defend, *in any court of competent jurisdiction*, State or Federal." 12 U.S.C. § 1723a(a) (emphasis added). In Raines, the majority held that this language confers "automatic" subject matter jurisdiction over actions in which Fannie Mae is a party. 534 F.3d at 785. The majority in Raines relied on the United States Supreme Court's decision American National Red Cross v. S.G., 505 U.S. 247 (1992), in which the Supreme Court held that "a congressional charter's 'sue and be sued' provision may be read to confer federal court jurisdiction if, but only if, it specifically mentions the federal courts." Id. at 255. The majority in Raines applied the permissive rule in American National Red Cross to Section 1723a(a) to hold that subject matter jurisdiction exists whenever a charter mentions the federal courts.

As recognized by the majority in Raines, the charter at issue in American National Red Cross did not include the distinguishing phrase at issue here: "any court of competent jurisdiction, State of Federal." Raines, 534 F.3d at 784-85. It, and the other charters analyzed by the Court in American National Red Cross, were broad and did not include the limiting language: "of competent jurisdiction." The undersigned agrees with the concurrence in Raines, and several courts that have subsequently disagreed with the majority in Raines, that this limiting language permits Fannie Mae to sue and be sued in courts that have an independent source of subject

11

matter jurisdiction.[10]  See Raines, 534 F.3d at 796-97 (Brown, J., concurring); Fed. Nat'l Mortgage Ass'n v. De-Savineau, No. EDCV 10-01106 DMG (DTBx), 2010 WL 3397027, at *1 (C.D. Cal. Aug. 25, 2010) (unpublished); Rincon Del Sol v. Lloyd's of London, 709 F. Supp. 2d 517, 523-24 (S.D. Tex. 2010); see also Knuckles v. RMBG, Inc., 481 F. Supp. 2d 559, 562-63 (S.D. W. Va. 2007) (decided before Raines); cf. Fed. Home Loan Bank of Seattle v. Deutsche Bank Sec., Inc., --- F. Supp. 2d ---, No. C10-0140 RSM, 2010 WL 3512503, at *1-2 (W.D. Wash. Sept. 1, 2010) (disagreeing with the majority's decision in Raines and concluding that a Federal Home Loan Bank's charter did not confer automatic federal subject matter jurisdiction). This phrase renders Section 1723a(a) distinguishable from the charter language at issue in American National Red Cross.  Moreover, the interpretation of Section 1723a(a) forwarded by the majority in Raines renders the "any court of competent jurisdiction" component of the statute superfluous, and the undersigned is unpersuaded by the majority's reading in Raines that accommodates that limiting language.  By its plain language, the "to sue and to be sued" language in 12 U.S.C. § 1723a(a) requires that a federal court have an independent basis for subject matter jurisdiction to hear a lawsuit involving Fannie Mae.  Accordingly, Mr. Bridgeman's argument premised on Raines is unpersuasive and does not confer subject matter jurisdiction here.

IV.   CONCLUSION

    For the reasons stated above, IT IS HEREBY RECOMMENDED that:

1.   Plaintiff's motion to remand (Dkt. No. 17) be granted and that this entire case be remanded to the Superior Court of the State of California, County of El Dorado.

2.   Third-Party Defendant United States of America's motion to dismiss the First Amended Third-Party Complaint (Dkt. No. 35) be denied because this court lacks subject

---

[10] Of course, Raines is an out-of-circuit decision that is not binding on this court.  The undersigned has not identified any binding Ninth Circuit authority that addresses Mr. Bridgeman's argument based on Raines.

matter jurisdiction to hear this case.[11]

        3.    This case be closed and all dates in this matter be vacated.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also E. Dist. Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections. E. Dist. Local Rule 304(d). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO RECOMMENDED.

DATED: December 17, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[11] However, the undersigned notes that the claims asserted against the United States are very similar to the claims asserted against the United States in Bridgeman I. The Unites States's motion to dismiss the operative complaint in Bridgeman I is under submission, and the court will address that motion in the near future.