IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HARLEY S. BRIDGEMAN JR.,

Plaintiff, No. 2:10-cv-01457 JAM KJN PS

v.

UNITED STATES OF AMERICA, et al.,

Defendants.

_________________________________/

FEDERAL NATIONAL MORTGAGE ASSOCIATION,

Plaintiff, No. 2:10-cv-02619 JAM KJN PS

v.

HARLEY S. BRIDGEMAN, JR.; CHANDA J. BRIDGEMAN,

Defendants. ORDER

_________________________________

AND RELATED COUNTER-CLAIMS AND THIRD-PARTY CLAIMS

_________________________________/

Presently before the court are two motions to stay civil proceedings pending determination of criminal liability filed by defendant Harley S. Bridgeman, Jr., who is the plaintiff in the matter of Bridgeman v. United States et al., No. 2:10-cv-1457 JAM KJN PS

("Bridgeman I"), and the defendant, counterclaimant, and third-party claimant in the related matter of Federal National Mortgage Association v. Bridgeman et al., No. 2:10-cv-2619 JAM KJN PS ("Bridgeman II").[1] On December 20, 2010, the undersigned filed proposed findings and recommendations in Bridgeman II that recommend that plaintiff's motion to remand be granted and that the entire matter be remanded to state court. (See Findings & Recommendations, Dec. 20, 2010, at 12, Bridgeman II, Dkt. No. 52.) On January 21, 2011, the undersigned filed proposed findings and recommendations in Bridgeman I that recommend that defendants' respective motions to dismiss be granted and that all of Mr. Bridgeman's claims in Bridgeman I be dismissed with prejudice as to all defendants. (See Order and Findings & Recommendations, Jan. 21, 2011, at 35-36, Bridgeman I, Dkt. No. 87.)

Mr. Bridgeman filed his motions seeking stays in both above-captioned actions on January 31, 2011, and noticed his motions for a hearing to take place before the undersigned on March 10, 2011.[2] (Mot. for Stay, Bridgeman I, Dkt. No. 90; Mot. for Stay, Bridgeman II, Dkt. No. 64.) Because oral argument would not materially aid resolution of the pending motions, these motions are submitted on the briefs and record without a hearing. See Fed. R. Civ. P. 78(b); E. Dist. Local Rule 230(g).[3] Having reviewed the moving papers and the record in this case, the undersigned denies the motions for stays in Bridgeman I and Bridgeman II.

Mr. Bridgeman seeks a stay of the civil proceedings in Bridgeman I and Bridgeman II on the basis of a "report" of criminal activity. The report of criminal activity upon which Mr. Bridgeman bases his motions relates to the alleged armed-robbery of his youngest daughter outside of her apartment, which allegedly resulted in criminal charges being brought

---

[1] The above-captioned cases are related, but not consolidated. (Related Case Order at 2, Bridgeman I, Dkt. No. 52; see also Related Case Order at 2, Bridgeman II, Dkt. No. 6.)

[2] The undersigned continued the hearing date to March 17, 2011. (Minute Order, Bridgeman I, Dkt. No. 91; Minute Order, Bridgeman II, Dkt. No. 65.)

[3] Additionally, the undersigned does not require any response to the motions from the other parties in these two cases.

against the alleged perpetrators. Mr. Bridgeman seeks the stays pursuant to Federal Rules of Civil Procedure 54(b) and 62(h).

Mr. Bridgeman's motions are not well-taken. First, the criminal proceeding that is the subject of Mr. Bridgeman's motions, which is presumably proceeding in state court, has no apparent connection or bearing to the Bridgeman I or Bridgeman II matters, which involve the termination of Mr. Bridgeman's employment, the foreclosure of Mr. Bridgeman's home, and an unlawful detainer action. Moreover, the reported criminal proceeding does not appear to involve Mr. Bridgeman, other than perhaps in his role as father to the alleged victim. Finally, Rules 54(b) and 62(h) provide no bases for granting the type of stays requested by Mr. Bridgeman.[4]

Accordingly, IT IS HEREBY ORDERED that:

1. Harley S. Bridgeman, Jr.'s Motion for Stay of Civil Proceedings Pending Determination of Criminal Liability filed in matters numbered 2:10-cv-1457 JAM KJN PS and 2:10-cv-2619 JAM KJN PS are submitted without oral argument.

2. Mr. Bridgeman's motion for a stay filed in case number 2:10-cv-1457

---

[4] Federal Rule of Civil Procedure 54(b) provides:

> **(b) Judgment on Multiple Claims or Involving Multiple Parties.** When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Federal Rule of Civil Procedure 62(h) provides:

> **(h) Stay with Multiple Claims or Parties.** A court may stay the enforcement of a final judgment entered under Rule 54(b) until it enters a later judgment or judgments, and may prescribe terms necessary to secure the benefit of the stayed judgment for the party in whose favor it was entered.

JAM KJN PS (Dkt. No. 90) is denied.

3. Mr. Bridgeman's motion for a stay filed in case number 2:10-cv-2619 JAM KJN PS (Dkt. No. 64) is denied.

4. The Clerk of Court is directed to file this order in both above-captioned cases.

IT IS SO ORDERED.

DATED: February 2, 2011

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE